## 9619

### CLARK v. DUNBAR *ET AL.*

#### (91 S. E. 323.)

APPEAL AND ERROR—PREMATURE APPEAL.—In an action for partition, where the first order of sale did not provide for a failure of the purchaser to comply, or order a resale, and where a subsequent order of sale did not provide for a resale in case of purchaser's failure to comply with the bid, but where the third order for a resale provided for judgment against the bidder for a deficiency, if the property failed to bring as much as it did on the last sale, the purchaser being the same at all the sales, an appeal before the third sale from the order as to a deficiency judgment was premature, as it could not be then determined whether appellants would be injured or not; the notice of intention to appeal preserving all appellants' rights for the final hearing.

Before RICE, J., Aiken, June, 1916. Appeal dismissed.

Action for partition by Nina A. Clark against Jennie Dunbar and others. From an order for a judgment for a deficiency based on the last sale, defendants appeal.

*Mr. James H. Hammond,* for appellant, cites: 1 DeS. 144; 15 Cyc. 47; 17 A. & E. Enc. of L. 1076.

*Mr. John D. Lee,* for respondent, cites: 41 W. Va. 339; 23 S. E. 571; 56 Am. St. Rep. 843; 68 Miss. 278; 24 Am. St. Rep. 273; 69 L. R. A. 33; 29 Ohio St. 529; 129 U. S. 73; 56 S. C. 343.

February 10, 1917.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

This is an action for partition. A sale was ordered. Several sales have been had, but the purchaser failed to comply. The first order of sale did not provide for a failure of the purchaser to comply or order a resale. At this sale the bid was $3,300. A subsequent order of sale was taken which did provide for a resale in case of a failure of the purchaser to comply with the bid, and the resale was to be made at the risk of the highest bidder. At this sale the highest bid was $2,400. Again the purchaser failed to comply, and another order was taken for a resale, in which there was provision for a judgment against the bidder for a deficiency if the property failed to bring as much as it did on the last sale. The purchaser was the same at all the sales.

The appellants except to the provision for a judgment for a deficiency based on the last sale, and claim that the amount of deficiency should be based on the first sale. It is very manifest that it does not and cannot be determined at this state of the case whether the appellants will be injured or not. At the next sale the property may bring more than it did at the first sale, and if it should do so, no one is hurt. The appellants have served notice of appeal from the order, and if it shall appear from the result of the sale to be had that unlawful prejudice has been suffered, it will be time enough to consider the alleged error. The notice of intention to appeal preserves all of appellants' rights for the final hearing.

This hearing on appeal is premature, and on that account is dismissed.